IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,        )
                                 )
    Plaintiff,              )
                                 )
v.                               )    Case No. 12-CR-195-JHP
                                 )
DANNY EUGENE CLARE,              )
                                 )
    Defendant.              )

## OPINION AND ORDER

This matter is before the Court for determination as to the mental competency of Defendant Danny Eugene Clare ("Clare") to stand trial. This issue was raised by defense counsel at Clare's Initial Appearance on December 5, 2012 and in a formal request for psychiatric evaluation two days later [Dkt. # 14]. Clare was evaluated on January 2, 2013, by Curtis T. Grundy, Ph.D., at the David L. Moss Criminal Justice Center in Tulsa. Grundy submitted his Competency Evaluation to the Court and to counsel on January 25, 2013. [Dkt. No. 17]. An evidentiary hearing was then conducted on January 30, 2013, with Clare present.

**I**
*Background*

Clare appeared before this Court on November 7, 2012, for his Initial Appearance on an Indictment under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) – felon in possession of a firearm. The Indictment also included a firearm forfeiture allegation. At the Initial Appearance, Clare was unresponsive to the Court's inquiry as to whether he understood the charge against him. Clare appeared distraught over the whereabouts of his daughter. At that time, Public Defender William P. Widell asked that arraignment be postponed

until he could further investigate his client's mental health. On December 7, 2012, Widell filed a Motion to Determine mental Competency of Defendant [Dkt. No. 14], in which he asserted that Clare was unable to communicate logically with him when discussing the pending charge against him.

Following a hearing on Defendant's competency motion, the Court found reasonable cause to believe that Clare was suffering from a mental disease or defect rendering him mentally incompetent to proceed. This conclusion was based in part of counsel's representations as well as the Court's own observations of Clare's confused and rambling responses to its questions. [Dkt. No. 16]. Accordingly, the Court designated Grundy to examine the Defendant and prepare a report, pursuant to 18 U.S.C. § 4247, as to Clare's competency to stand trial. The report was to address the following:

> (1) Clare's history and present symptoms;
> (2) a description of the psychiatric, psychological, and medical tests that were employed and their results;
> (3) the examiner's findings;
> (4) the examiner's opinions as to diagnosis, prognosis and
> (5) the examiner's opinion regarding whether defendant is suffering from a mental disease or defect rendering his mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

[Dkt. No. 16 at 1-2].

## II
### *Grundy's Evaluation*

Grundy found that Clare had a lengthy history of mental illness as well as a history of inpatient and outpatient psychiatric treatment. Clare was admitted to Griffin Memorial Hospital, Norman, Oklahoma, on two occasions in 2000 and 2003 under emergency detention status. He was admitted to Wagoner Community Hospital on three

occasions – 2002, 2004, and 2012 – for psychiatric stabilization. His most recent hospitalization followed a suicide attempt which precipitated the pending criminal charge.

Grundy concluded that Clare is bipolar, suffers from severe depression and demonstrates "psychotic features" including delusional beliefs. These delusions often concern a conspiracy involving harm to his daughter. Grundy concluded that Clare is not presently able to assist in his own defense, but that he believes the Defendant could attain competency within a reasonable time period if placed in an inpatient psychiatric hospital for treatment.

## III
### *The Evidentiary Hearing, January 30, 2013*

Both sides stipulated to the contents of Grundy's report. Neither the Government nor the Defendant proffered any additional evidence to the Court.

## IV
### *Discussionn*

**A.     Authority of Magistrate Judge to Determine Competency**

As a preliminary matter, the Court addresses a Magistrate Judge's authority to render a competency determination. It does not appear that the Tenth Circuit Court of Appeals has expressly ruled on this question. Although in some courts Magistrate Judges issue a Report and Recommendation on competency questions, the practice in this Court and many others is for Magistrate Judges to conduct competency hearings and make their determinations by Order rather than Report and Recommendation. *Eg.*, *United States v. Levi McRae Luginbyhl, Jr.*, Case No. 06-CR-206-CVE [Dkt. No. 34]; *United States v. Abraham Martinez*, Case No. 06-CR-83-TCK [Dkt. No. 58]; *United States v. James*

*Leslie Goodman*, Case No. 08-CR-110-CVE [Dkt. No. 40]. *See also*, *U.S. v. Hamilton*, 107 F.3d 499, 502-03 (7th Cir. 1997) (court discussed without comment a Magistrate Judge's findings as to defendant's competency); *U.S. v. Archuleta*, 218 Fed. Appx. 754, 755 (10th Cir. 2007).

**B.     Applicable Legal Standard.**

Federal law provides that if there is reasonable cause to believe a defendant may be incompetent to stand trial the Court shall conduct a hearing to determine the issue. 18 U.S.C. § 4241. The statute further provides:

> (d) Determination and disposition.--If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until--
>
> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law; whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

The Supreme Court has set out the test for competency in *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam):

> [I]t is not enough for the district judge to find that "the defendant (is) oriented to time and place and (has) some recollection of events," but that the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him."

*Id.* at 402.

The "touchstone" for determining if a defendant has a rational understanding of the proceedings against him is whether he has "sufficient contact with reality." *Lafferty v. Cook*, 949 F.2d 1546, 1551 (10th Cir. 1992). The "critical inquiry is whether the defendant's mental condition, however it may be labeled and whatever symptoms it may produce, prevents the defendant from having a rational or factual understanding of the proceedings against him or significantly prevents the defendant from consulting with his lawyer." *Id.* at 1551 n.3.

To raise an issue requiring a competency hearing "there must be some evidence to create doubt on the issue." *U.S. v. Crews*, 781 F.2d 826, 833 (10th Cir. 1986). Regardless of who raises the issue of competency, the government has the burden of demonstrating by a preponderance of the evidence that the defendant is competent to proceed. *U.S. v. Velasquez*, 885 F.2d 1076, 1089 (3d Cir. 1989); *U.S. v. Hutson*, 821 F.2d 1015, 1018 (5th Cir. 1987); *U.S. v. Couch*, 12 F.3d 207, 1993 WL 529723 at *1 (5th Cir. 1993). The defendant has no burden to establish his incompetency. *U.S. v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977).

*Conclusion*

Based on the stipulation of the parties as to the contents of the Grundy Report, and the Court's review of that Report as summarized above, I conclude by a preponderance of the evidence that Clare is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). Clare is, therefore, presently incompetent to participate in these federal criminal proceedings. **IT IS THEREFORE ORDERED** that the Defendant, Danny Eugene Clare, be committed to the custody of the Attorney General for care and treatment. The period of commitment for care and treatment shall be for such a reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that Clare can be restored to competency in the foreseeable future. This matter shall be set for review on **May 8, 2013 at 10:30 a.m**. The director of said facility shall cause a report, pursuant to 18 U.S.C. § 4247(c), to be provided to the Court, the attorneys for Defendant, and the Government's attorney **by May 1, 2013.**

If at any time prior to **May 8, 2013**, the director of said facility determines that Clare has recovered his competency sufficient to allow him to understand the nature and consequences of the proceedings and to assist counsel, the director shall forthwith certify such to the clerk of this Court.

**IT IS FURTHER ORDERED** that if Clare's mental condition does not so improve, the director shall forthwith certify such to the clerk of this Court no later than **May 8, 2013**.

**IT IS SO ORDERED** this 31st day of January 2013.

Paul J. Cleary
United States Magistrate Judge